# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MICHAEL MYERS, )<br>　　　Plaintiff, )<br>　　　　　　　　　　　　　　)<br>　v. 　　　　　　　　　　　　)　CAUSE NO.: 3:24-CV-109-JVB-APR<br>　　　　　　　　　　　　　　)<br>BANIC, *et al.*, 　　　　　　　)<br>　　　Defendants. )　| |

## OPINION AND ORDER

Michael Myers, a prisoner without a lawyer, filed a complaint. (ECF 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Myers states that, in July or August 2023, LaPorte County Sheriff's Detective Banic and twelve to fifteen LaPorte County Sheriff's officers served him and his fiancé with a warrant charging them with burglary and theft. (ECF 1 at 1-3). He alleges that Detective Banic improperly obtained the warrant because he signed and executed it without a judge's approval or signature, and that the warrant was based on illegally obtained cell phone records that belonged to someone else. *Id*. at 2. He asserts Detective Banic harassed him for a year trying to prove that he and his fiancé were guilty of committing the crimes when their alibis showed they were not involved. *Id*. at 3.

Myers alleges he was assaulted and injured when he was served with the warrant and arrested. *Id*. He seeks $2.5 million dollars in money damages and asks that Detective Banic either resign or be fired from his position. *Id*. at 4. Court records show Myers has not yet been convicted of the charges pending against him. *State v. Myers*, No. 46C01-2308-F5-001256 (LaPorte Circuit Ct. filed Aug. 30, 2023), available at mycase.in.gov.[1]

While unclear from his complaint, Myers appears to be suing Detective Banic because he was responsible for his false arrest. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Myers has not pled facts from which it can be plausibly inferred that any material facts were misstated or omitted by Detective Banic to obtain the warrant for his arrest. Instead, Meyers offers only a bald conclusion that the warrant was based on illegally obtained cell phone records that belonged to someone else, and Detective Banic signed and executed the warrant without a judge's approval or signature. He does not include any details about the cell phone records and does not explain why he believes a judge did not sign the warrant. Myers did not include a copy of the warrant or affidavit of probable cause with his complaint. He may not proceed against Detective Banic.

Even if Myers had alleged a viable false arrest claim against Detective Banic, that claim may be precluded by *Younger*. Under the *Younger* abstention doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401

---

[1] The Court is permitted to take judicial notice of public records at the pleading stage. *See* Fed. R. Evid. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Here, Myers seems to claim he is innocent of the pending criminal charges filed against him and Detective Banic had him falsely charged. This claim involves "issues that may be litigated during the course of his criminal case." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id.*

Myers has also sued the LaPorte County Sheriff's Office. Municipalities can be sued under 42 U.S.C. § 1983 for constitutional violations as described in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, such entities cannot be held vicariously liable for the unconstitutional acts of their employees under a theory of *respondeat superior*. *See e.g., Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 653 (7th Cir. 2021); *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020); *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008). The three elements required "to establish a *Monell* claim—policy or custom,[2] municipal fault, and moving force causation—are by now familiar. And they must be scrupulously applied to avoid a claim for municipal liability backsliding into an impermissible claim for vicarious liability." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 676 (7th Cir. 2022) (internal quotation marks and citation omitted); *see also Howell*, 987 F.3d at 654 (stating the purpose of these requirements is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices"). Here, Myers has not identified any policies or customs by the LaPorte County Sheriff's

---

[2] The Seventh Circuit has "recognized three types of municipal action that can support municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Bohanon v. City of Indianapolis*, 46 F.4th 669, 675 (7th Cir. 2022) (internal quotation marks and citation omitted).

Office that caused him constitutional harm. Therefore, he may not proceed against the LaPorte County Sheriff's Office.

This complaint does not state a claim for which relief can be granted. If Myers believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the Court:

(1) **GRANTS** Michael Myers until **October 25, 2024**, to file an amended complaint; and

(2) **CAUTIONS** Michael Myers that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 8, 2024.

s/ Joseph S. Van Bokkelen<br>
JOSEPH S. VAN BOKKELEN, JUDGE<br>
UNITED STATES DISTRICT COURT